UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 1334
Master File No. 00-1334-MD-MORENO

IN RE: MANAGED CARE LITIGATION

THIS DOCUMENT RELATES TO
**PROVIDER TRACK CASES**

_____/



FILED by JBU
MAY 3 0 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AS TO PLAINTIFFS AND DEFENDANTS AETNA INC. AND AETNA-U.S. HEALTHCARE INC.

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement Concerning Claims Against *Defendants Aetna Inc. and Aetna-U.S. Healthcare Inc.* **(D.E. No. 2000)**, filed on **May 22, 2003**, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement dated May 21, 2003, a copy of which has been submitted with the Joint Motion, and on the basis of such submissions, together with any other submissions by the parties in support of the Joint Motion, and all prior proceedings had in this consolidated multi-district litigation, good cause for this Order having been shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The terms of the Settlement Agreement are hereby *preliminarily* approved, subject to further consideration at the Final Settlement Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the settlement Class, the scheduling of the Final Settlement Hearing and the circulation of notice to members of the Class, each as provided for in this Order.

### Conditional Certification of the Class

2.      For purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to Defendants Aetna-U.S. Healthcare Inc., now known as Aetna Inc., a Pennsylvania corporation ("Aetna") and Aetna Inc., a Connecticut corporation ("Old Aetna") and the other Released Parties, the action styled *Shane v. Humana, Inc., et al.*, Master File No. 00-1334-MD-MORENO (the "Action"), is conditionally certified as a class action on behalf of the following persons (the "Class"):

> any and all Physicians, Physicians Groups and Physician Organizations who provided covered services to any individual enrolled in or covered by a plan offered or administered by Aetna, Old Aetna, any other entity named as a Defendant in the complaint in the Action, or by any of the current or former subsidiaries or affiliates of any of the foregoing, from August 4, 1990, through and including the date of entry of this Order.

Representative Plaintiffs are temporarily certified as representatives of the Class. This conditional certification of the Class and class representatives is solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of class representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement, and provided that in such circumstances any further ruling by this Court or an appellate court on the propriety of this Court's Order dated September 26, 2002, certifying a class in the Action shall apply to Aetna and Old Aetna as if those Defendants had participated in further proceedings with respect to that Order. The Court notes that because the proposed certification of the Class is in connection with the Settlement rather than litigation, the Court

need not resolve the issues of manageability presented by certification of the nationwide class proposed in the complaint in the Action.

### Final Settlement Hearing; Right to Appear and Object

3. A Final Settlement Hearing shall take place before the undersigned, United States District Judge Federico A. Moreno, at the United States Courthouse, Courtroom IV, Tenth Floor, Federal Justice Building, 99 Northeast 4th Street, Miami, Florida 33132, on **Tuesday, October 14, 2003, at 2:30 P.M.**, to determine:

(a) whether the Court should certify the Class and whether Representative Plaintiffs and their counsel have adequately represented the Class;

(b) whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

(c) whether the Action should be dismissed on the merits and with prejudice as to Aetna and Old Aetna;

(d) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action against Aetna and Old Aetna or any of the other Released Parties by the members of the Class, the other Defendants in the Action or any other persons;

(e) whether the application for attorney's fees and expenses to be submitted by Class Counsel in connection with the Final Settlement Hearing should be approved;

(f) whether the application for a fee award to Representative Plaintiffs to be submitted in connection with the Final Settlement Hearing should be approved; and

(g) such other matters as the Court may deem necessary or appropriate.

The Court may finally approve the Settlement at or after the Final Settlement Hearing with any modifications agreed to by the parties and without further notice to the Class.

4.  Any member of the Class who has not timely and properly provided notice of an election to opt-out of the Class and the Settlement in the manner set forth below, and any other interested person, may appear at the Final Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at that hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before **September 12, 2003**, such person:

(a) files with the Court a notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matters to be considered and the basis therefor, together with any documentation that such person intends to rely upon at the Final Settlement Hearing, and

(b) serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel:

> Harley S. Tropin, Esq.
> Kozyak Tropin & Throckmorton, P.A.
> 200 South Biscayne Boulevard
> Miami, Florida 33131
>
> and
>
> Hilarie Bass, Esq.
> Greenberg Traurig, P.A.
> 1221 Brickell Avenue
> Miami, Florida 33131

5.  The Court may adjourn the Final Settlement Hearing, or any adjournment thereof, including the consideration of the application for attorney's fees and expenses, without

further notice of any kind other than an announcement of such adjournment in open court at the Final Settlement Hearing or any adjournment thereof.

### Form and Timing of Notice

6. As soon as practicable after entry of this Order, but no later than 30 days after this Order is entered, Class Counsel or its designee shall cause copies of the Notice of Class Action and Proposed Settlement in the form attached as Exhibit E to the Settlement Agreement (the "Mailed Notice"), and in the case of members of the Class who are individuals, including the claim form substantially in the form attached as Exhibit A to the Settlement Agreement (the "Claim Form"), the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Class to the extent that such Class members can be identified with reasonable diligence from either (a) Aetna's books and records, at their last known address appearing in such books and records or (b) records maintained by the American Medical Association (the "AMA"), to the extent that such records can be obtained by Class Counsel for this purpose within the schedule for notice provided in this Order. No later than 20 days after entry of this Order, (x) Aetna shall provide in machine readable format to Class Counsel or their designee the information available from its records concerning Class members that is necessary to comply with this provision and (y) Class Counsel shall cause to be obtained from the AMA, in machine readable form to the extent reasonably available, the AMA records referred to in this paragraph.

7. As soon as practicable after the first mailing of the Mailed Notice, and in all events no later than 30 days prior to the Opt-Out Deadline that is set forth below, Class Counsel shall cause to be published in the legal notices sections of the national editions of *The Wall Street Journal* and *USA Today*, one day a week for two consecutive weeks, a summary

notice substantially in the form of Exhibit G to the Settlement Agreement, the form of which is hereby approved (the "Summary Notice"). In addition, to the extent reasonably practicable within the schedule contemplated by this Order, Class Counsel shall cause the Summary Notice to be published at least once no later than 30 days prior to the Opt-Out Deadline in a nationwide periodical addressing issues of concern to physicians, such as *The Journal of the American Medical Association* or *The American Medical News*.

        8. Beginning on the earliest date that notice is provided pursuant to paragraphs 6 and 7 of this Order and continuing through the deadline for members of the Class to return a completed Claim Form (as that date is specified in the Settlement Agreement), Aetna and Class Counsel shall make available to potential members of the Class printable versions of the Mailed Notice and the Claim Form on the public websites maintained by or on behalf of Aetna and at least five of the law firms serving as Class Counsel in the Action.

        9. Prior to the Final Settlement Hearing, (a) Class Counsel shall serve and file a sworn statement attesting to compliance with paragraphs 6 and 7 of this Order and (b) Class Counsel and Aetna shall file a sworn statement attesting to compliance with paragraph 8 of this Order. Costs of providing the notice to the Class that is specified in this Order shall be paid as set forth in the Settlement Agreement.

        10. The notice to be provided as set forth in paragraphs 6, 7 and 8 of this Order is hereby found to be the best means of notice to members of the Class that is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Settlement Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Settlement Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

### Ability of Class Members to Opt-Out of Settlement Class

11. All members of the Class who wish to opt-out of the Class must do so by sending written notice of their election to opt-out to the settlement administrator at the address set forth in the notices to be provided pursuant to paragraphs 6 and 7 of this Order. To be considered timely, and thereby effectively exclude a person from the Class, the envelope delivering a completed opt-out request for such person must be postmarked by no later than **August 29, 2003** (the "Opt-Out Deadline"). Prior to the Final Settlement Hearing, Class Counsel or their designee shall submit to the Court a sworn statement setting forth the names and addresses of each member of the Class who has timely elected to opt-out from the Class.

12. Any potential member of the Class that does not properly and timely request exclusion from the Class shall be included in such Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers and covenants not to sue described therein, whether or not such person shall have objected to the Settlement and whether or not such person makes a claim upon, or participates in, the Settlement Fund or the other benefits to the Class to be provided under the Settlement Agreement.

### Other Provisions

13. Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

14. All proceedings against or concerning Aetna or Old Aetna in the Action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court. Pending final determination of whether the Settlement and the Settlement Agreement should be approved and

the Class permanently certified, all members of the Class are hereby barred and enjoined from commencing or prosecuting any action asserting any Released Claims.

15. No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rule 7.1.

16. In each of the Provider Track Cases assigned to this Court under MDL Docket No. 1334 that involve Class Members or any Signatory Medical Society, all discovery and any other proceedings are hereby stayed in all respects as to Aetna, Old Aetna and the other Released Parties until the Court has entered an Order setting forth its final determination with respect to the parties' application for final approval of the Settlement.

17. Pending entry of an Order setting forth the final determination of the Court with respect to the parties' application for final approval of the Settlement, Aetna and Old Aetna are hereby relieved of any and all obligations under paragraph 2(b) of the Agreed Order For Preservation of Records entered in this Action on January 12, 2001, to preserve Future Documents (as defined in the January 12, 2001 Order) created on or after the date of this Order.

18. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Representative Plaintiffs, the Signatory Medical Societies, Class Counsel, any members of the Class, Aetna or Old Aetna or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received

in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Representative Plaintiffs, the Signatory Medical Societies, any member of the Class or any other person has or has not suffered any damage.

19.  In the event that the Settlement Agreement is terminated or is not consummated for any reason, the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

DONE AND ORDERED in open court at the United States District Courthouse in Miami, Florida, on May 29, 2003, and signed this 30th day of May, 2003.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

COPIES PROVIDED TO COUNSEL ON
THE **APRIL 18, 2003** SERVICE LIST