UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**MDL No. 1334**
**Master File No. 00-1334-MD-MORENO**

IN RE: MANAGED CARE LITIGATION

THIS DOCUMENT RELATES TO
**PROVIDER TRACK CASES**

_____/



FILED by ___ D.C.

SEP - 5 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AS TO PLAINTIFFS AND CIGNA DEFENDANTS APPLICABLE TO PHYSICIANS

The Court having reviewed and considered the Joint Motion for Preliminary Approval of Settlement Concerning Claims Against CIGNA HealthCare ("Joint Motion") filed on **September 3, 2003**, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement with CIGNA Defendants Applicable to Physicians dated **September 4, 2003** (the "Agreement"), a copy of which has been submitted with the Joint Motion, as well as the sole objection filed with the Court, and on the basis of such submissions, together with any other submissions by the parties in support of the Joint Motion, and all prior proceedings had in this consolidated multi-district litigation, good cause for this Order having been shown,

**NOW, THEREFORE, IT IS ORDERED**:

1. The terms of the Agreement are **preliminarily approved**, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the proposed Settlement is sufficiently within the range of reasonableness to warrant the conditional

1

certification of the settlement Class, the scheduling of the Fairness Hearing and the circulation of Initial Notice to the Class, each as provided for in this Order. Capitalized terms in this Order should have the meaning assigned to them in the Agreement unless otherwise defined herein.

### Conditional Certification of the Class

2. For purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to CIGNA HealthCare and the other Released Persons, a settlement class is conditionally certified as follows (the "Class"):

> any and all Physicians, Physician Groups and Physician Organizations (and all Persons claiming by or through them, such as Physicians' Assistants and Advanced Practice Registered Nurses), who or which provided Covered Services to any CIGNA HealthCare member or any individual enrolled in or covered by a plan offered or administered by any Person named as a defendant in the *Shane* complaint or by any of their respective current or former Subsidiaries from August 4, 1990 through the date of the entry of the Preliminary Approval Order; provided, however, that the Class shall not include any Physician who is or was an employee of a CIGNA HealthCare staff-model HMO at the time of providing such Covered Services.

Class Representative Plaintiffs are conditionally certified as representatives of the Class defined above. This conditional certification of the Class and Class representatives is solely for purposes of effectuating the proposed Settlement. If the Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of Class representatives shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Agreement might have asserted but for the Agreement, and provided that in such circumstances any further ruling by this Court or an appellate court on the propriety of this Court's order dated September 26, 2002, certifying classes

in *In re Managed Care Litigation*, MDL 1334, shall apply to the Released Persons as if the Released Persons had participated in further proceedings with respect to that Order.

Based on the Court's review of the Joint Motion and supporting materials, the Court conditionally finds that the proposed Class satisfies Rule 23(a) of the Federal Rules of Civil Procedure in that:

- A. The Class, which consists of hundreds of thousands of Physicians, Physician Groups and Physician Organizations, is so numerous that joinder of all Persons who fall within the class definition is impracticable;

- B. The commonality requirement is satisfied where members of the Class share at least one common legal or factual issue. Here, there are questions of law common to the Class, including allegations under RICO and other causes of action as set forth in the Plaintiffs' Third Amended Complaint in *Kaiser* and in the Second Amended Consolidated Class Action Complaint in *Shane*. There are also questions of fact common to the Class, including certain factual issues related to whether computer systems were inadequate and whether computer programs were systematically used to improperly deny or delay payment for health care services furnished by members of the Class;

- C. The claims of the Class representatives are typical of the claims of the Class; and

- D. The Class representatives will fairly and adequately protect the interests of the Class and are represented by qualified counsel who are competent to represent the Class and prosecute this Litigation.

The Court further conditionally finds that the proposed Class satisfies Rule 23(b)(2) of the Federal Rules of Civil Procedure in that CIGNA HealthCare is alleged to have acted on grounds generally applicable to the Class as a whole, thereby making appropriate final injunctive relief with respect to the Class as a whole. The Court notes that the terms of the Agreement include substantial injunctive relief.

The Court further conditionally finds that the proposed Class satisfies Rule 23(b)(3) of

the Federal Rules of Civil Procedure which requires that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that the terms of the Agreement include procedures for resolving claim disputes, including mechanisms for independent external review and other independent decision-makers, that absolve individual Class Members, for example, from having to prove, pursuant to RICO, that they relied to their detriment on alleged misrepresentations and nondisclosures, with the result that the Court need not resolve many individual factual and legal issues that might otherwise arise. The Court further notes that because the Litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by a nationwide class litigation with respect to such individualized issues. *Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2240 (1997). Against this background, and in light of the Complaints' allegations of systemic computer and claims processing issues, the Court conditionally finds that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy.

### Fairness Hearing; Right to Appear and Object

3.  A Fairness Hearing shall take place before the undersigned, United States District Judge Federico A. Moreno, at the United States Courthouse, Courtroom IV, Tenth Floor, Federal Justice Building, 99 Northeast 4th Street, Miami, Florida 33132, on **Thursday, December 18, 2003, at 10:00 A.M.**, to determine:

 (a) whether the Court should certify the Class and whether Class representatives and Class Counsel have adequately represented the Class;

 (b) whether the proposed Settlement, on the terms and conditions

provided for in the Agreement, should be finally approved by the Court as fair, reasonable and adequate;

   (c) whether the Released Claims of the Class Members in this Litigation should be dismissed on the merits and with prejudice as to CIGNA HealthCare;

   (d) whether the application for attorneys' fees, costs and expenses to be submitted by Class Counsel and Kaiser Counsel in connection with the Fairness Hearing should be approved;

   (e) whether the application for incentive awards to Class representatives to be submitted in connection with the Fairness Hearing should be approved;

   (f) whether each Tag-Along Action should be dismissed with prejudice as to Released Claims against CIGNA HealthCare with the exception of any Tag-Along Action with respect to any named plaintiff that has timely submitted an Opt Out request; and

   (g) such other matters as the Court may deem necessary or appropriate.

  4. The Court may finally approve the proposed Settlement at or after the Fairness Hearing with any modifications agreed to by the Settling Parties and without further notice to the members of the Class.

  5. Any putative Class Member who or which has not timely and properly provided notice of an election to Opt Out of the Class and the proposed settlement in the manner set forth below, and any other interested Person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no putative Class Member who or which has elected to Opt Out from the Class shall be entitled to object; and provided

further that no Person shall be heard, and no papers, briefs or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before **Thursday, November 20, 2003**, such Person:

>    (a)   files with the Court a notice of such Person's intention to appear, together with a written statement of objection setting forth such Person's objections, if any, to the matters to be considered and the basis therefore, together with all other support, papers or briefs that he, she or it wishes the Court to consider and intends to rely upon at the Fairness Hearing, and
>
>    (b)   serves copies of all such materials either by hand or overnight delivery, on Notice Counsel and Defendants' Counsel at the addresses specified in the Initial Notice. All responses by the Settling Parties to objections shall also be served by hand or overnight delivery on the objecting Person or his, her or its attorney. Objectors' papers may be supplemented ten (10) days prior to the Fairness Hearing following the filing of any responsive papers by the Settling Parties and served in the manner and on counsel described above.

6.   The Court may adjourn the Fairness Hearing, or any adjournment thereof, including the consideration of the application for attorneys' fees, costs and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

## Form and Timing of Notice

7.   The Initial Notice substantially in the form attached as Exhibits 6 and 7 to

the Agreement is hereby approved.

       8.    The Plan of Notice attached as Exhibit 5 to the Agreement is approved.

       9.    Costs of providing Notice shall be paid as set forth in the Agreement.

      10.    Pursuant to the Plan of Notice, the Settling Parties, in cooperation with the Settlement Administrator, shall cause the Initial Notice, substantially in the form attached as Exhibit 6 to the Agreement, to be sent by first class mail to the addresses of all Persons set forth on the Class List within thirty (30) days of entry of this Order or by **October 6, 2003**. Notice to any individual Physician at his or her business address is sufficient notice to that Physician's Physician Group or Physician Organization. Notice shall also be sent to any Person who requests it from the Settlement Administrator or Class Counsel.

      11.    In addition to the mailing of the Initial Notice as called for in paragraph 10 of this Order, the Settling Parties shall perform the other steps of publication notice to the Class as detailed in the Plan of Notice, including but not limited to the following:

          1.    By **October 17, 2003**, the summary form of the Initial Notice, substantially in the form attached as Exhibit 7 to the Agreement, will have been published in the legal notices sections of the national editions of *The Wall Street Journal* and *USA Today* one day a week for two consecutive weeks. In addition, to the extent reasonably practicable within the schedule fixed by the Court, the Settling Parties will seek to have the summary form of Initial Notice published at least once, no later than **October 17, 2003**, in a nationwide periodical addressing issues of concern to Physicians, such as *The Journal of the American Medical Association* or *The American Medical News*.

          2.    An internet website will be created and maintained by the Settlement Administrator that will be available for public access by **October 6, 2003**. The website will allow putative Class Members to download, view and print copies of the forms of Initial Notice and will contain an automated number and e-mail address

7

maintained by the Settlement Administrator. It will also contain a link to the website maintained by Class Counsel.

12. Having considered the manner of giving Initial Notice to putative Class Members as described in the Plan of Notice, the Court finds that the notice given in the form and manner provided as set forth in paragraphs 7 through 11 of this Order and in the Plan of Notice is the best means of notice to members of the Class that is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Fairness Hearing to all Persons affected by and/or entitled to participate in the proposed Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

### Ability of Putative Class Members to Opt Out of Settlement Class

13. All putative Class Members who wish to Opt Out of the Class must do so by sending a written request for exclusion to the Settlement Administrator by first-class mail to the address in the Initial Notice, signed by the putative Class Members and providing all information called for in the Initial Notice. To be considered timely, and thereby effectively exclude a Person from the Class, the envelope delivering a completed Opt Out request for such Person must be postmarked no later than **November 20, 2003** (the "Opt Out Deadline"). At the Fairness Hearing, the Settlement Administrator shall file an Affidavit or Declaration with the Clerk of the Court (with a copy to Class Counsel and Defendants' Counsel) attaching a final list in machine-readable form of those Opt Out requests filed by the Opt Out Deadline and not then revoked.

14. Any putative Class Member that does not properly and timely request

exclusion from the Class (or who requests exclusion but revokes that request as permitted by the Agreement) shall be included in such Class and, if the proposed Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Agreement, including but not limited to the releases, waivers and covenants not to sue described therein, whether or not such Person shall have objected to the Settlement and whether or not such Person makes a claim upon, or participates in, the Settlement Consideration to be provided under the Agreement.

### Other Provisions

15. The Court vacates so much of the Order of Preliminary Approval and Conditional Class Certification entered by Chief Judge G. Patrick Murphy of the United States District Court for the Southern District of Illinois on November 26, 2002 in *Kaiser, et al. v. CIGNA Corporation, CIGNA HealthCare of St. Louis, Inc., and CIGNA HealthCare of Texas, Inc.* (Case No. 02-1179-GPM), as applies to Class Members under the proposed Settlement.

16. The Court further appoints and designates as Class Counsel the MDL Class Counsel in this Litigation.

17. Archie C. Lamb, Jr., Harley S. Tropin and Edith M. Kallas are hereby appointed as Notice Counsel for purposes of this proposed Settlement.

18. Any Class Member may enter an appearance in this Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice, in connection with paragraph 5 above or otherwise. Any Class Member who does not enter an appearance will be represented by Class Counsel.

19. All proceedings against or concerning CIGNA HealthCare in Tag-Along Actions (as defined in Section 17.1 of the Agreement) to the extent of Released Claims, other

than proceedings as may be necessary to carry out the terms and conditions of the proposed Settlement, are stayed and suspended until further order of the Court.

20. No discovery with regard to the proposed Settlement or the Agreement shall be permitted as to any of the Settling Parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rule 7.1.

21. As to any action brought by or on behalf of putative Class Members that asserts any claim that as of Final Approval would constitute a Released Claim against CIGNA HealthCare (other than the *Kaiser* or *Shane* actions) that has been, or will in the future, be consolidated with the Provider Track Actions under MDL Docket No. 1334, all proceedings as to CIGNA HealthCare in each such action are hereby stayed with respect to the claims that are Released Claims under the Agreement pending entry of the Final Order and Judgment.

DONE AND ORDERED in after a hearing in Open Court at Miami, Florida, this 5 day of September, 2003.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

COPIES PROVIDED TO COUNSEL ON
**THE JULY 31, 2003 SERVICE LIST**