Rec'd in MIA Dkt 4/5/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

NIGHT BOX
FILED

APR - 4 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

MDL NO. 1334
MASTER FILE NO.: 00-1334-MD-MORENO
Magistrate Judge Klein

IN RE:
MANAGED CARE LITIGATION

-----------------------------------------------------------

THIS DOCUMENT RELATES TO
PROVIDER TRACK CASES

---

AMERICAN DENTAL ASSOCIATION,
JAMES B. SWANSON, D.D.S.,
MICHAEL B. DAYOUB, D.D.S., and
JOHN W. MILGRAM, D.D.S.,

        Plaintiffs,

v.

AETNA, INC.,

        Defendant.

## REQUEST FOR CLARIFICATION OF REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT AETNA, INC.'S MOTION FOR AN ORDER FURTHER ENJOINING MARTIN FRANKEL, D.M.D., M.D.S., AND HIS ATTORNEYS FROM VIOLATING THIS COURT'S FINAL APPROVAL ORDER AND FINAL JUDGMENT AND FOR AN ORDER TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT

MASTER FILE 00-1334-MD-MORENO

Defendant Aetna Inc. ("Aetna") hereby submits this request to clarify the Report and Recommendation to Grant In Part And Deny In Part Defendant Aetna, Inc.'s Motion For An Order Further Enjoining Martin Frankel, D.M.D., M.D.S., And His Attorneys From Violating This Court's Final Approval Order And Final Judgment And For An Order To Show Cause Why They Should Not Be Held In Contempt ("Report and Recommendation").

In the Report and Recommendation, Magistrate Klein recommended that "Plaintiff Martin Frankel, D.M.D., M.D.S., and His attorneys shall have <u>twenty (20) days from the date of the District Court's adoption of this Report and Recommendation</u> to discontinue the California proceedings, failing which the contempt motion shall be revisited by the Court." Report and Recommendation at 15. Magistrate Klein found that Dr. Frankel was bound by the terms of the Settlement Agreement in the ADA action and this Court's Order Approving Settlement, Certifying Class and Directing Entry of Final Judgment ("Final Approval Order"), which included an injunction barring Dr. Frankel and other class members from prosecution of Released Claims. *See* Approval Order ¶ 8. Magistrate Klein further found that prosecution of Dr. Frankel's California Action was barred by this Court's injunction. Report and Recommendation at 7-14. The Magistrate's findings and recommendations are correct and should be adopted by this Court.

However, in light of the recent opinion by the Eleventh Circuit Court of Appeals in *Klay v. Humana*, Appeal No. 04-11538-EE (11th Cir. March 18, 2005), Aetna requests the Court clarify the Report and Recommendation to the extent it is recommending the entry of a second injunction. In *Klay*, the Eleventh Circuit affirmed this Court's order denying East County Physicians Medical Group's motion to enlarge the time in which to opt out of the settlement of the physician class action in *Shane*, but vacated entry of a second injunction barring prosecution

of the ECPMG's claims in California state court. As the court explained, "We vacate the second injunction entered by the district court because the earlier injunction that barred further prosecution of claims released by the settlement agreement already prohibits any further prosecution of the California action and is properly enforced, if necessary, through contempt proceedings against the Medical Group." *Id.* at 4 (attached at Tab 1 for the Court's convenience is a copy of the Eleventh Circuit's opinion.)

In the present case, Magistrate Klein correctly found that the injunction entered by this Court barred prosecution of Dr. Frankel's California action. However, entry of a second injunction is unnecessary. Accordingly, Aetna respectfully requests that the Court adopt the Report and Recommendation but clarify that the Court is not entering a second injunction. The original injunction bars Dr. Frankel and his attorneys from further prosecution of the California Action. Unless Dr. Frankel dismisses the California Action within 20 days from the date of this Court's adoption of the Report and Recommendation, he should be found in contempt.

Dated: April 4, 2005

Respectfully submitted,

*Christine M. Nanfeldt*

Kevin R. Nowicki
E-mail: knowicki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
4 Park Plaza, Suite 1700
Irvine, California 92614-8557
Tel: (949) 451-3899
Fax: (949) 451-4220

Richard J. Doren
E-mail: rdoren@gibsondunn.com
GIBSON, DUNN & CRUTCHER LL;
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7000
Fax: (213) 229-6038

Hilarie Bass (FBN 334243)
E-mail: bassh@gtlaw.com
Mark P. Schnapp (FBN 501689)
E-mail: schnappm@gtlaw.com
Christine Nanfeldt (FBN 114049)
E-mail: nanfeldtc@gtlaw.com
GREENBERG TRAURIG
1221 Brickell Avenue
Miami, Florida 33131
Tel: (305) 579-0500
Fax: (305) 579-0717

Attorneys for Defendant Aetna Inc.

3

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

MASTER FILE 00-1334-MD-MORENO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing was served by Overnight mail to Aaron S. Podhurst, Esq., Harley S. Tropin, Esq., Robert Axelrod, Esq. and John C. Stein, Esq., one copy by electronic mail to all other counsel listed on Plaintiff's Updated Service List, filed with the court on February 8, 2005, on this 4th day of April, 2005.

*Christine M. Nanfeldt*
CHRISTINE M. NANFELDT

# TAB - 1

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 18, 2005

MEMORANDUM TO COUNSEL OR PARTIES

**Appeal Number: 04-11538-EE**
Case Style: Leonard J. Klay v. Humana, Inc.
District Court Number: 00-01334 MD-FAM

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to Rule 36 of the Federal Rules of Appellate Procedure. Fed.R.App.P. 39, 40 and 41, and the corresponding circuit rules govern costs and attorney's fees, petitions for rehearing, and mandate, respectively.

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-6(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate *or* filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

For questions concerning the issuance of this court's decision, please call the "Reply To" number shown below. For all other questions, please call Wiegmann, Brenda (404) 335-6174.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Jarvis Jackson (404) 335-6161

Encl.

OPIN-1A (04-2004)

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 18, 2005

MEMORANDUM TO COUNSEL OR PARTIES

**Appeal Number: 04-11539-X**
Case Style: Leonard J. Klay, M.D. v. Humana, Inc.
District Court Number: 00-01334 MD-FAM

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to Rule 36 of the Federal Rules of Appellate Procedure. Fed.R.App.P. 39, 40 and 41, and the corresponding circuit rules govern costs and attorney's fees, petitions for rehearing, and mandate, respectively.

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-6(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate *or* filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of this court's decision, please call the "Reply To" number shown below. For all other questions, please call Tisa, Stephanie (305) 536-4562.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Jarvis Jackson (404) 335-6161

Encl.

OPIN-1 (04-2004)

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 04-11538

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2005
THOMAS K. KAHN
CLERK
```

D. C. Docket No. 00-01334-MD-FAM

LEONARD J. KLAY, M.D.,
MEDCHI PLAINTIFFS,
PRICE PLAINTIFFS, Price, Sessa,
Katz & Yingling,
SANDRA JOHNSON,
PATRICIA FREYRE, et al.,

Plaintiffs-Appellees,

REGINA JOI PRICE, et al.,

Plaintiffs,

ALLEN KRECHT, et al.,

Intervenors-Plaintiffs,

EAST COUNTY PHYSICIANS
MEDICAL GROUP, INC.,

Plaintiff-Appellant,

versus


versus

HUMANA, INC., et al.,

                                                  Defendants,

CIGNA CORPORATION,

                                                  Intervenor-Defendant.

---

No. 04-11539

---

D. C. Docket No. 00-01334-MD-FAM

LEONARD J. KLAY, M.D.,

MEDCHI PLAINTIFFS,
PRICE PLAINTIFFS, Price, Sessa,
Katz & Yingling,
SANDRA JOHNSON,
PATRICIA FREYRE, et al.,

                                                  Plaintiffs-Appellees,

REGINA JOI PRICE, et al.,

                                                  Plaintiffs,

ALLEN KRECHT, et al.,

                                                  Intervenors-Plaintiffs,

MEDICAL GROUP, INC.,

                 Plaintiff-Appellant,

versus

HUMANA, INC., et al.,

                 Defendants,

CIGNA CORPORATION,

                 Intervenor-Defendant.

---

Appeals from the United States District Court
for the Southern District of Florida

---

(March 18, 2005)

Before ANDERSON, PRYOR and HILL, Circuit Judges.

PER CURIAM:

In these consolidated appeals, East County Physicians Medical Group appeals two orders: (1) the denial of its motion to enlarge the time in which to opt out of the settlement of a class action in federal court brought by medical providers against numerous health maintenance organizations; and (2) the grant of an injunction barring further prosecution of a suit brought by the Medical Group against Aetna in California state court. We conclude that the claims of the

3

Medical Group in its California suit were released by the settlement agreement in the federal class action, and further prosecution of those claims was enjoined by the district court. Because the Medical Group received timely and actual notice of the settlement and provided no persuasive reason to excuse its belated attempt to opt out, the district court did not abuse its discretion by denying the motion to opt out. We vacate the second injunction entered by the district court because the earlier injunction that barred further prosecution of claims released by the settlement agreement already prohibits any further prosecution of the California action and is properly enforced, if necessary, through contempt proceedings against the Medical Group.

## I. BACKGROUND

These appeals stem from a class action that is "a case of almost all doctors versus almost all major health maintenance organizations...." Klay v. Humana, Inc., 382 F.3d 1241, 1246 (11th Cir. 2004). The class of doctors alleged that the HMOs engaged in a conspiracy to inflate profits by routinely denying claims for benefits by healthcare providers, delaying benefits, or underpaying on valid claims. See id. at 1246-47. The HMOs allegedly effected this scheme through the manipulation of computerized billing programs and abuse of the market power of the HMOs. The parties agreed to a comprehensive settlement, and class members

4

were allowed to opt out until August 29, 2003. To effect adequate notice, the district court ordered settlement notices to be sent by first-class mail to all class members; weekly advertisements in the legal notices sections of The Wall Street Journal and USA Today; publication of the settlement in a physician-oriented publication; and notice on the websites of Aetna and class counsel. The settlement notice alerted class members, in bold type and capital letters, that to be considered timely "and to effectively opt-out of the settlement, your completed and signed opt-out notice must be postmarked by no later than August 29, 2003. If it is not postmarked by that date, your right to opt-out will be deemed waived. . . ." On July 2, 2003, Aetna mailed a settlement notice to the agent for service of process of the Medical Group, Dr. Mazer; the notice was later received by Dr. Mazer; and the record shows that Dr. Mazer praised the settlement in a newspaper report even before he was served with that notice.

The district court approved the settlement and entered a final judgment on November 6, 2004. As part of its order that approved the settlement, the district court entered a permanent injunction that barred class members from asserting or prosecuting any other claims against the defendants:

> The Releasing Parties are permanently enjoined from: (a) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit,

5

> administrative or regulatory proceeding or order in any jurisdiction
> based on any or all Released Claims against [the defendants]. . . .

"Released Claims" were defined as "any and all causes of action . . . that are, were or could have been asserted against any of [the defendants] based on or arising from the factual allegations of the complaint. . . ."

The Medical Group, which is now defunct, was an independent practice association (IPA) that provided managed-care medical services in California. The Medical Group had a contract with Aetna to provide medical services to patients insured by Aetna. The Medical Group also had contracts with physicians to provide those medical services. The Medical Group sued Aetna in California state court and asserted, under state law, causes of action for antitrust violations, civil conspiracy, breach of contract, unfair competition, intentional interference with prospective business advantage, intentional interference with contractual relations, inducing breach of contract, and trade libel and disparagement. The Medical Group complained that Aetna conspired with other IPAs to provide medical care that was influenced by financial interests and engaged in conduct that "had the purpose and/or effect of improperly interfering with the business relationships of [the Medical Group]." The Medical Group also asserted that Aetna interfered with contracts between the Medical Group and its physicians. The Medical Group

6

alleged that Aetna wrote letters to those physicians and informed them that Aetna would no longer contract with the Medical Group, but Aetna offered to work with the physicians again if they associated with other IPAs with which Aetna had contracts. After extended litigation, only the intentional interference with contractual relations claim remained in the California action.

After the settlement of the federal class action was approved, Aetna moved the district court to enjoin the Medical Group from prosecuting the California action or to enter an order for the Medical Group to show cause why it should not be held in contempt. In response to that motion, in February 2004, six months after the August 2003 deadline, the Medical Group moved to opt out of the settlement. The district court entered a new injunction against the Medical Group and barred further prosecution of the California action, and the district court denied the motion of the Medical Group to opt out of the settlement after the deadline. The district court found that the Medical Group had received both actual and constructive notice of the settlement and had no valid basis for relief from the deadline. The Medical Group appealed both the denial of its motion to opt out and the injunction against the California action.

## II. STANDARDS OF REVIEW

We review for abuse of discretion both the grant of an injunction of a

7

state-court action and the denial of a motion to opt out of a class action settlement. G.M. Brod & Co. v. Adler, 845 F.2d 899, 900 (11th Cir. 1988). We review findings of fact for clear error and conclusions of law de novo. Gold Coast Publ'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994).

## III. DISCUSSION

The Medical Group contends that the district court abused its discretion when it denied the motion of the Medical Group to opt out of the settlement agreement and when the district court granted the motion of Aetna to enjoin the pending California action. We address these contentions in turn.

### A. Denial of the Motion to Opt Out

The Medical Group erroneously argues that the district court abused its discretion when it denied the motion to opt out. The Medical Group contends that it did not receive notice of the settlement of the managed care class action, and that even if the Medical Group had received notice, it had no reason to believe that its California action was covered by the settlement. We disagree.

The record shows that the Medical Group received actual notice of the settlement. At the March 10, 2004, hearing on the motion to opt out, the Medical Group conceded both that Dr. Mazer was its agent for service of process and Dr. Mazer received notice of the proposed settlement. The Medical Group cannot

8

now complain that it did not receive notice of the proposed settlement.

The alternative argument of the Medical Group that the subject matter of the proposed settlement was so different from the California action that the Medical Group had no reason to believe that the proposed settlement foreclosed the California action also fails. In the federal class action, the plaintiffs contended that HMOs abused their vast market power, engaged in fraud, and harmed patient care in an attempt to inflate their profits. The plaintiff class included IPAs. The California action included claims of similar harms based on similar conduct. The Medical Group also refused, in the district court, to stipulate that it would not rely on allegations from the class action in its prosecution of the California action. Although the Medical Group contended that it would rely on allegations from the class action only as background, there would be no reason to rely on those facts, for background or otherwise, if the two actions were wholly unrelated.

The federal and California actions arose from a common nucleus of facts. The settlement agreement expressly released all claims that "are, were or could have been asserted against any of [the defendants] based on or arising from the factual allegations of the complaint." The intentional interference with contractual relations claim in the California action could have been brought against Aetna in the federal class action. The district court, which was intimately familiar with the

9

subject matter of the class action, did not abuse its discretion when it denied the untimely motion of the Medical Group to opt out of the settlement agreement.

### B. *The Injunction of the California Action*

The Medical Group also contends that the district court abused its discretion when it entered a new injunction specifically against the California action. We need not address the arguments of the Medical Group regarding this issue, because we conclude that the district court erred in entering a second injunction to bar the prosecution of the released claims. The error of the district court was that the subject of the second injunction was already governed by the injunction entered on November 6, 2003.

Injunctions are enforced through the civil contempt power of the district court, rather than through the issuance of a new injunction:

> Precedent dictates that a plaintiff seeking to obtain the defendant's compliance with the provisions of an injunctive order move the court to issue an order requiring the defendant to show cause why he should not be held in contempt and sanctioned for his noncompliance. In his motion, the plaintiff cites the provision(s) of the injunction he wishes to be enforced, alleges that the defendant has not complied with such provision(s), and asks the court, on the basis of his representation, to order the defendant to show cause why he should not be adjudged in contempt and sanctioned. If the court is satisfied that the plaintiff has made out a case for an order to show cause, it issues the order to show cause. The defendant, following receipt of the order, usually files a response, either confessing his noncompliance or presenting an excuse, or "cause," therefor. The dispute is thereafter resolved at a show cause

10

> hearing, with the issues to be decided at the hearing framed by the show cause order and the defendant's response.
>
> At the hearing, if the plaintiff establishes the defendant's noncompliance with the court's injunctive order and the defendant presents no lawful excuse for his noncompliance, the court usually adjudges the defendant in civil contempt and imposes a sanction that is likely to prompt the defendant's compliance with the injunction.

Wyatt v. Rogers, 92 F.3d 1074, 1078 n.8 (11th Cir. 1996) (citation omitted); see also Reynolds v. Roberts, 207 F.3d 1288, 1298 (11th Cir. 2000); Newman v. Alabama, 683 F.2d 1312, 1317-1319 (11th Cir. 1982). Because "an application for injunctive relief is an inappropriate device for enforcing [an injunction]," Reynolds, 207 F.3d at 1300, it was erroneous to enforce the extant injunction against the prosecution of released claims by entering another injunction. If the Medical Group continues to prosecute the California action, Aetna can move for an order to show cause why the Medical Group should not be held in contempt.

## IV. CONCLUSION

Because the claims asserted in the California action were released by the settlement of the federal class action and the Medical Group received timely actual notice of the settlement agreement, the district court did not abuse its discretion when it denied the untimely motion of the Medical Group to opt out of the settlement agreement. We vacate the later injunction erroneously entered by the

11

district court on March 18, 2004; the earlier injunction, entered on November 6, 2003, already bars the prosecution of the released claims and, if necessary, can be enforced through contempt proceedings against the Medical Group.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**