UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MDL NO.: 1334

FILED by JW D.C.
MAY 10 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

IN RE: MANAGED CARE LITIGATION

THIS DOCUMENT RELATES ONLY TO PROVIDER TRACK CASES

CHARLES B. SHANE, M.D., *et al.*

                **Plaintiffs,**

v.

HEALTH NET, INC.

                **Defendant.**

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AMONG HEALTH NET AND PHYSICIANS AND SCHEDULING SETTLEMENT HEARING

The Court, having reviewed the Joint Motion for Preliminary Approval of Settlement Concerning Claims Against Defendant Health Net, Inc. filed on May 3, 2005, and having heard oral argument on May 6, 2005, finds that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the settlement Class, the scheduling of the Settlement Hearing, and the circulation of notice to members of the Class, each as provided for in this Order. Accordingly, the Court preliminarily approves the settlement, subject to a fairness hearing scheduled for September 19, 2005 at 9:00 a.m.

### Conditional Certification of the Class

1.     For purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to Health Net, Inc. and the other Released Persons

1



("Health Net"), the action styled Shane v. Humana, Inc., *et al.*, Master File No. 00-1334-MD-MORENO (the "Action"), is conditionally certified as a class on behalf of the following persons (the "Class"):

> Any and all Physicians, Physician Groups and Physician Organizations who provided Covered Services to any Plan Member or any other individual enrolled in or covered by a plan offered or administered by any Person named as a defendant in the Complaint or by any of their respective current or former subsidiaries or affiliates, in each case from August 4, 1990 through and including the date of entry of this order (the "Preliminary Approval Date").

Representative Plaintiffs are conditionally certified as representatives of the Class. Class Counsel are appointed and designated as counsel for the Class. This conditional certification of the settlement class and class representatives is solely for purposes of effectuating the proposed Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of class representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the joint motion and supporting materials, the Court conditionally finds that the proposed Class satisfies Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure. If after the final fairness hearing the Court approves the settlement, the Court will elaborate.

### Settlement Hearing; Right to Appear and Object

2. A Settlement Hearing shall take place before the Court on September 19, 2005 at 9:00

a.m. in the United States Courthouse, Courtroom IV, Tenth Floor, Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida, 33132 to determine:

(a) whether the Court should certify the Class and whether Representative Plaintiffs and Class Counsel have adequately represented the Class;

(b) whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

(c) whether the Released Claims of the Class Members in this Action should be dismissed on the merits and with prejudice as to Health Net;

(d) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action against Health Net or any of the other Released Parties by the members of the Class, the other defendants in the Action or any other persons;

(e) whether the Released Claims of the Class Members in this Action should also be released against Health Net Plan Members for any amounts due for Covered Services that the Class Members claim Health Net should have paid;

(f) whether the application for attorneys' fees, costs and expenses to be submitted by Class Counsel in connection with the Settlement Hearing should be approved;

(g) whether the application for incentive awards to Representative Plaintiffs to be submitted in connection with the Settlement Hearing should be approved;

(h) whether each Tag-Along Action should be dismissed with prejudice as to Released Claims against Health Net with the exception of any Tag-Along Action with respect to any named plaintiff that has timely submitted an Opt-Out request; and

(i) such other matters as the Court may deem necessary or appropriate.

3

3.  The Court may finally approve the proposed Settlement Agreement at or after the Settlement Hearing with any modifications agreed to by the settling parties and without further notice to the members of the Class.

4.  Any Class Member who or which has not timely and properly provided notice of an election to Opt-Out of the Class and the Settlement Agreement in the manner set forth below, and any other interested Person, may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no Class Member who or which has elected to Opt-Out from the Class shall be entitled to object; and provided further that no Person shall be heard, and no papers, briefs or other submissions shall be considered by the Court in connection with its consideration of those matters, unless on or before August 5, 2005, such Person:

(a)  files with the Court a notice of such Person's intention to appear, together with a written statement of objection setting forth such Person's objections, if any, to the matters to be considered and the basis therefore, together with all other support, papers or briefs that he, she or it wishes the Court to consider and intends to rely upon at the Settlement Hearing, and

(b)  serves copies of all such materials either by hand or overnight delivery, upon the following counsel:

> Harley S. Tropin
> Kozyak Tropin & Throckmorton, P.A.
> 200 South Biscayne Boulevard
> Miami, Florida 33131
>
> and
>
> Ed Crane, Esq.
> Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates

4

333 West Wacker Drive, Suite 2100
Chicago, IL 60606

All responses by the settling parties to objections shall also be served by hand or overnight delivery on the objecting Person or his, her or its attorney. Objectors' papers may be supplemented ten (10) days prior to the Settlement Hearing following the filing of any responsive papers by the settling parties and served in the manner and on counsel described above.

5.  The Court may adjourn the Settlement Hearing, or any adjournment thereof, including the consideration of the application for attorneys' fees, costs and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

### Form and Timing of Notice

6.  As soon as practicable after entry of this Order, but no later than 30 days after this Order is entered, Class Counsel shall cause copies of the Notice of Class Action and Proposed Settlement in the form of which is approved, and in the case of members of the Class who are individuals, including the claim forms substantially in the form attached as Exhibits A1 and A2 to the Settlement Agreement (the "Proof of Claim Forms"), the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all potential members of the Class to the extent that such Class members can be identified with reasonable diligence from either (a) Health Net's books and records, at their last known address appearing in such books and records or (b) records maintained by the American Medical Association (the "AMA"), to the extent that such records-can be obtained by Class Counsel for this purpose within the schedule for notice provided in this Order. No later than 20

days after entry of this Order, (a) Health Net shall provide in machine readable format to Class Counsel or their designee the information available from its records concerning Class members that is necessary to comply with this provision and (b) Class Counsel shall cause to be obtained from the AMA, in machine readable form to the extent reasonably available, the AMA records referred to in this paragraph.

7. As soon as practicable after the mailing of the Mailed Notice, and in all events no later than 30 days prior to the Opt-Out Deadline that is set forth below, Class Counsel shall cause to be published in the legal notices sections of the national editions of *The Wall Street Journal* and *USA Today* one day a week for two consecutive weeks, a summary published notice, the form of which is approved. In addition, to the extent reasonably practicable within the schedule contemplated by this Order, Class Counsel shall cause the Published Notice to be published at least once no later than 30 days prior to the Opt-Out Deadline in a nationwide periodical addressing issues of concern to physicians, such as *The Journal of the American Medical Association* or *The American Medical News*.

8. Beginning on the earliest date that notice is provided pursuant to paragraphs 6 and 7 of this Order and continuing through the deadline for members of the Class to return a completed Proof of Claim Form (as that date is specified in the Settlement Agreement), Health Net and Class Counsel shall make available to potential members of the Class printable versions of the Mailed Notice and the Proof of Claim Forms on the public websites maintained by Health Net and at least five of the law firms serving as Class Counsel in the Action.

9. Prior to the Settlement Hearing, (a) Class Counsel shall serve and file a sworn statement attesting to compliance with paragraphs 6 and 7 of this Order and (b) Class Counsel and Health Net shall file a sworn statement attesting to compliance with paragraph 8 of this Order. Costs

of providing the notice to the Class that is specified in this Order shall be paid as set forth in the Settlement Agreement.

10. The notice to be provided as submitted by the parties and approved by the Court is found to be the best means of notice to members of the Class that is practicable under the circumstances.

### Ability of Class Members to Opt-Out of Settlement Class

11. All members of the Class who wish to opt-out of the Class must do so by sending written notice of their election to opt-out to the Settlement Administrator at the address set forth in the notices to be provided pursuant to this Order. To be considered timely, and thereby effectively exclude a person from the Class, the envelope delivering a completed opt-out request for such person must be postmarked by no later than August 5, 2005 (the "Opt-Out Deadline"). Prior to the Settlement Hearing, Class Counsel or their designee shall submit to the Court a sworn statement setting forth the names and addresses of each member of the Class who has timely elected to opt-out from the Class.

12. Any potential member of the Class who does not properly and timely request exclusion from the Class shall be included in such Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers and covenants not to sue described therein, whether or not such person shall have objected to the Settlement and whether or not such person makes a claim upon, or participates in, the Settlement Fund or the other benefits to the Class to be provided under the Settlement Agreement.

## Other Provisions

13. All discovery and any other proceedings against or concerning Health Net in Tag-Along Actions (as defined in Section 15.1 of the Settlement Agreement) to the extent of Released Claims, other than proceedings as may be necessary to carry out the terms and conditions of the proposed Settlement, are hereby stayed and suspended until further order of the Court.

14. No discovery with regard to the Settlement or the Settlement Agreement shall be permitted as to any of the parties to the Settlement Agreement other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rule 7.1.

15. Pending entry of an Order setting forth the final determination of the Court with respect to the parties' application for final approval of the Settlement, Health Net is hereby relieved of any and all obligations under paragraph 2(b) of the Agreed Order For Preservation of Records entered in this Action on January 12, 2001, to preserve Future Documents (as defined in the January 12, 2001 Order) created on or after the date of this Order.

16. Health Net is authorized to communicate with Class Members regarding the provisions of the Settlement Agreement, so long as such communications are not inconsistent with the agreed upon communications concerning the Settlement Agreement. Health Net shall not discourage the filing of any claims allowed under the Settlement Agreement or advise Class Members with respect to the category or categories of claims that the Class Members should or should not file under the Settlement Agreement. Health Net shall refer to the Settlement Administrator or Class Counsel any inquiries from Class Members about claims to be filed under the Settlement Agreement.

17. Any Class Member may enter an appearance in this Action, at his own expense. Any

Class Member who does not enter an appearance will be represented by Class Counsel.

18. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Representative Plaintiffs, the Signatory Medical Societies, Class Counsel, any members of the Class, Health Net or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or were not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Representative Plaintiffs, the Signatory Medical Societies, any member of the Class or any other person has or has not suffered any damage.

19. In the event that the Settlement Agreement is terminated or is not consummated for any reason, the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

DONE AND ORDERED after a hearing in open court at the United States District Courthouse in Miami, Florida, on _____, and signed this _____ day of May, 2005.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel on the February 8, 2005 service list.