UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

MDL No. 1334
Master File No. 00-1334-MD-MORENO

IN RE: MANAGED CARE LITIGATION
_____

THIS DOCUMENT RELATES TO
**PROVIDER TRACK CASES**
_____/

**and**
_____

CHARLES B. SHANE, M.D., *et al.*,

    Plaintiffs,

vs.                                                         Case No. 04-21589-CIV-MORENO

HUMANA, INC., *et al.*,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING CLASS CERTIFICATION IN *SHANE I* AND *SHANE II*

THE MATTER was referred to the Honorable Theodore Klein, United States Magistrate Judge for a Report and Recommendation regarding: Plaintiffs' Amended Motion for Class Certification **(D.E. No. 3525 in *Shane I*)**, filed on **September 17, 2004**, and related filings; Plaintiffs' Notice of Adoption of Plaintiffs' Amended Motion for Class Certification **(D.E. No. 14 in *Shane II*)**, filed on **September 17, 2004**, and related filings; and this Court's Order of Referral **(D.E. No. 3667 in *Shane I*)** Requiring Judge Klein to supplement his Report and Recommendation Granting Plaintiffs' Motion for Class Certification as to Anthem and Conventry, which was issued prior to the

Eleventh Circuit's decision regarding certification in *Klay v. Humana*, 382 F.3d 1241 (11th Cir. 2004).

The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues raised in the objections, responses to the objections, and replies.

**ADJUDGED** that United States Magistrate Judge Theodore Klein's Report and Recommendation regarding class certification in *Shane I* and *Shane II* **(D.E. No. 4222)**, filed on **May 31, 2005**, as supplemented and clarified by his Supplemental Report and Recommendation **(D.E. No. 4280)** and Addendum and Clarification **(D.E. No. 4281)**, both filed on **June 23, 2005**, is **AFFIRMED** and **ADOPTED**. The parties' objections are **OVERRULED**. Accordingly, it is also

**ADJUDGED** that Plaintiffs' Amended Motion for Class Certification filed in *Shane I* **(D.E. No. 3525)**, and adopted in *Shane II* **(D.E. No. 14)**, is **GRANTED IN PART and DENIED IN PART**. The following classes are certified in both *Shane I* and *Shane II*:

> **Global Fee for Service Class** - All medical doctors who provided services on a fee for service basis to any person insured by CIGNA or any Defendant from January 1, 1996 to September 30, 2002[1] – for the RICO conspiracy and aiding and abetting claims set forth in Counts I, II and IV of the Second Amended Consolidated Class Action Complaint.
>
> **Capitation Damage Subclass** - All medical doctors who provided services on a capitated basis to any person insured by PacifiCare, WellPoint or HealthNet from January 1, 1996 to September 30, 2002 – for the RICO conspiracy and aiding and abetting claims set forth in Counts I and II against PacifiCare, Wellpoint and Healthnet. Excluded are any claims that the methods by which negotiated capitation rates are derived and calculated are actuarially unsound.
>
> **Capitation Injunctive and Declaratory Relief Subclass** - All medical doctors who provided services on a capitated basis to any person insured by any

---

[1] In his Report and Recommendation, Judge Klein recommended class periods covering "January 1, 1996 to the date of certification." In the objections and responses to the Report and Recommendation, however, the parties agree that the relevant "date of certification" for these class definitions is the original date of certification in *Shane I*, September 30, 2002.

Defendant from January 1, 1996 to September 30, 2002 – for the RICO conspiracy and aiding and abetting claims set forth in Count IV of the Complaint. Excluded are any claims that the methods by which negotiated capitation rates are derived and calculated are actuarially unsound.

**Direct RICO Subclass** - All medical doctors who, between January 1, 1996 and September 30, 2002, provided services on a fee for service basis to any person insured by Humana pursuant to a contract without an arbitration clause or without a contract - for the RICO claim set forth in Count III against Humana.

**California Fee for Service Subclass** - All medical doctors who, from January 1, 1996 to September 30, 2002, provided services in California on a fee for service basis to persons insured by Defendants HealthNet, Prudential, United, PacifiCare and WellPoint pursuant to a contract without an arbitration clause or without a contract – for the claims set forth in Count VIII of the Complaint for declaratory and injunctive relief and restitution and disgorgement pursuant to California Business and Professions Code § 17200.

**California Capitation Subclass** - All medical doctors who, from January 1, 1996 to September 30, 2002, provided services in California to persons insured by any Defendant pursuant to a contract without an arbitration clause and where the Defendants made payments for those services on a capitated basis – for the claims set forth in Count VIII of the Complaint for declaratory and injunctive relief and disgorgement pursuant to California Business and Professions Code § 17200 against all Defendants except Coventry and Anthem, and for restitution against Defendants PacifiCare, Wellpoint and HealthNet. Excluded are any claims that the methods by which negotiated capitation rates are derived and calculated are actuarially unsound.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of July, 2005.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

COPIES PROVIDED TO COUNSEL ON
**THE FEBRUARY 8, 2005 SERVICE LIST**