UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-01334-MD-MORENO/O'SULLIVAN

MDL NO.: 1334

In Re: Managed Care Litigation,
_____/

## ORDER

THIS MATTER is before the Court on Managed Care Advisory Group, LLC's Motion to Enforce Revised Arbitration Summonses (DE# 6649, 3/23/2020) and CIGNA's Motion to Quash Summons to Reviewers or, in the Alternative Opposition to Enforcement of the Summons (DE# 6659, 4/20/20) (Sealed).  This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Federico A. Moreno, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b) (DE# 6668, 5/11/20). Having carefully considered the motions, the Respondents Independent Medical Expert Consulting Services, Inc. d/b/a Imedecs, Millennium Healthcare Consulting, Inc. and Mary Falbo's Opposition to Managed Care Advisory Group, LLC's Motion to Enforce Revised Arbitration Summons (DE# 6658, 4/20/20), the Non-Parties Epiq Systems, Inc., David Garcia, and Neil Manning's Response to Managed Care Advisory Group, LLC's Motion to Enforce Revised Arbitration Summonses (DE# 6660, 4/20/20), Managed Care Advisory Group, LLC's Reply in Support of Its Motion to Enforce Revised Arbitration Summonses (DE# 6663, 5/4//20), Managed Care Advisory Group, LLC's Sealed Opposition to CIGNA's Motion to Quash Summons to Reviewers or, in the Alternative, Opposition to Enforcement of the Summons (DE# 6664, 5/4/20) (Sealed), and CIGNA's Reply to MCAG's Opposition to CIGNA's Motion to Quash Summons to Reviewers or, in the

Alternative, Opposition to Enforcement of the Summons (DE# 6669, 5/11/20) (Sealed), the court file, and applicable law, it is

ORDERED AND ADJUDGED that Managed Care Advisory Group, LLC's Motion to Enforce Revised Arbitration Summonses (DE# 6649, 3/23/2020) is DENIED and CIGNA's Motion to Quash Summons to Reviewers or, in the Alternative Opposition to Enforcement of the Summons (DE# 6659, 4/20/20) (Sealed) is GRANTED as more fully discussed below.  It is further

ORDERED AND ADJUDGED that CIGNA's Motion to Strike MCAG's Characterization of Supplemental Authority [ECF NO. 6670] (DE# 6671, 5/29/20) is DENIED as moot.  The undersigned has reviewed the Second Circuit's decision in Washington National Insurance Company v. OBEX Group LLC, No. 19-225-CV, 2020 WL 2092597 (2nd Cir. May 1, 2020) as well as the parties' and non-parties' arguments regarding its rulings, and finds the decision is neither binding nor persuasive. Washington National conflicts with the Eleventh Circuit's holding in Managed Care that Rule 45 governs enforcement of arbitral subpoenas. Managed Care Advisory Group, LLC, v. CIGNA Healthcare, Inc., 939 F.3d 1145 (11th Cir. 2019).  The Washington National decision is factually distinguishable and inapposite.  The Second Circuit did not decide whether non-parties can be compelled to appear more than 100 miles from their residence or place of transacting business in contravention of Rule 45.  As more fully explained below, the undersigned will not address the parties' and non-parties' scope, materiality and burden issues because the undersigned finds that the subject arbitral summonses violate the geographical limit of Rule 45 of the Federal Rules of Civil Procedure.

**Introduction**

Managed Care Advisory Group, LLC ("MCAG") seeks to enforce a second set of arbitral summonses that are "basically identical" to the first set of arbitral summonses that were the subject of the appeal decided by the Eleventh Circuit in <u>Managed Care Advisory Group, LLC, v. CIGNA Healthcare, Inc.</u>, 939 F.3d 1145 (11th Cir. 2019) (reversing the judgment of the district court and remanding the case for further proceedings consistent with this opinion); <u>see</u> Mandate (DE# 6601, 10/17/19); <u>see</u> MCAG's sealed opposition at 11 (DE# 6664, 5/4/20).

The second set of arbitral summonses are directed to the same five out-of-state non-parties and seek the same records as the first set of arbitral summonses: (1) Epiq Systems, Inc. ("Epiq"), (2) David Garcia, (3) Neil Manning, (4) Independent Medical Expert Consulting Services, Inc. d/b/a IMEDECS Millennium Healthcare Consulting, Inc. ("Millennium) and (5) Mary Falbo.[1]  Epiq, and Messrs. Garcia and Manning will be collectively referred to as "Epiq recipients." Mary Falbo and IMEDECS/Millennium will be collectively referred to as "Millennium recipients."  When convenient, the undersigned will collectively refer to all five recipients of the arbitral summonses as "out-of-state non-party recipients."  Unlike the rejected first set of arbitral summonses, the second set of arbitral summonses require the out-of-state non-parties to give testimony and produce records at a final arbitration hearing in Miami, Florida, where the arbitration is pending

---

[1] Epiq was the settlement administrator. Mr. Garcia is the project manager at Epiq who oversees the processing of many of MCAG's claims.  Mr. Manning is a former employee of Epiq.  Mary Falbo is the principal of Millennium.  IMEDECS/Millennium acted as the independent review entities that were approved by MCAG and CIGNA Healthcare, Inc. ("CIGNA").

3

and the arbitrator is located. See MCAG's Motion, Exhibits 1-5 (DE# 6649, 3/23/20).

**Issues regarding the Subject Arbitral Summonses**

MCAG moves to enforce the second set of arbitral summonses that it contends are "revised" and "fully comport" with the Eleventh Circuit's holdings in Managed Care. Additionally, MCAG contends that the law of the case precludes CIGNA's and the out-of-state non-parties' arguments. MCAG Motion at 1-2 (DE# 6649, 3/23/20). CIGNA moves to quash the arbitral summonses as being as deficient as the ones that were reviewed by and rejected by the Eleventh Circuit in Managed Care.[2] CIGNA's Motion (DE# 6659, 4/20/20). The Epiq recipients and the Millennium recipients, who are non-parties who do not reside in Florida, oppose the arbitral summonses on a variety of grounds.

The parties' cross-motions and the opposition memoranda of the Epiq recipients and the Millennium recipients raise the following issues regarding the second set of arbitral summonses:

1) whether the subject arbitral summonses violate Section 7 of the FAA because they violate Rule 45(c)'s geographical limitation of requiring attendance and production of documents in the presence of the arbitrator and within 100 miles of where the recipient resides or conducts business;

2) whether the subject arbitral summonses seek testimony and documents of subject matter that is outside the scope of the arbitration (i.e. the summonses are not

---

[2]CIGNA Healthcare, Inc. ("CIGNA") cross-moves this Court to quash the second set of arbitral summonses or, alternatively, opposes MCAG's motion, and incorporates by reference the out-of-state non-party recipients' respective responses that oppose MCAG's motion (DE# 6659, 4/20/20).

limited to discovery of the small percentage of remaining unprocessed and unpaid claims);

      3) whether the summonses violate the Epiq recipients' and the Millennium recipients' due process rights under the Fifth Amendment (i.e. whether the Court has personal jurisdiction over the out-of-state non-party recipients);

      4) whether the arbitral summonses create an undue burden as duplicative and expensive as well as over broad because they seek documents for a period exceeding 10 years under Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure; and

      5) whether the law of the case established by this Court's rulings and the Eleventh Circuit's Managed Care decision regarding the first set of arbitral summonses bars CIGNA's, the Epiq recipients' and the Millennium recipients' challenges to the second set of arbitral summonses.

      MCAG's and CIGNA's respective cross-motions regarding the second set of arbitral summonses are ripe for disposition.

## ANALYSIS

**I.**     **Applicable Law**

      **A.**     **Section 7 of the Federal Arbitration Act ("FAA") and Rule 45 of the Federal Rules of Civil Procedure Govern Arbitral Summonses**

      Section 7 of Title 9 of the United States Code, the Federal Arbitration Act ("FAA"), governs arbitral summonses. 9 U.S.C. § 7. Section 7 states that arbitrators "may summon in writing any person to attend before them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case...." 9 U.S.C. § 7. Section 7 mandates that

summonses issued by an arbitrator "shall be served in the same manner as subpoenas to appear and testify before the court." 9 U.S.C. § 7. Section 7 states that if a person refuses to comply with an arbitral summons, a district court "may compel the attendance of such person ... in the same manner provided by law for securing the attendance of witnesses ... in the courts of the United States." 9 U.S.C. § 7.

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas. Rule 45(b) addresses "service" and authorizes nationwide service. Fed. R. Civ. P. 45(b) ("A subpoena may be served at any place within the United States."). Rule 45(d) addresses "enforcement" and provides that "[i]f an objection is made" by a summonsed person, then the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

### B. The Eleventh Circuit's *Managed Care* Holdings

In <u>Managed Care Advisory Group, LLC, v. CIGNA Healthcare, Inc.</u>, 939 F.3d 1145, 1161 (11th Cir. 2019), the Eleventh Circuit reversed this Court's enforcement of MCAG's first set of arbitral summonses that sought identical testimony and documents from the Epic recipients and the Millennium recipients and remanded this matter for the Court to require an accounting of the $14 million payment that MCAG received from CIGNA for Category Two claims while the arbitration has been pending.

### 1. Jurisdiction and Due Process

#### A. Ancillary Jurisdiction

In <u>Managed Care</u>, the Eleventh Circuit acknowledged that "[a]rbitration is a creature of contract and 'an arbitrator's authority over the parties to an arbitration is limited by the contours of the parties' agreement and those enumerated in the [FAA]."

6

Managed Care, 939 F.3d at 1159 (citing Kennedy v. American Express Travel Related Services Co., 646 F. Supp. 2d 1342, 1343 (S.D. Fla. 2009)). The Eleventh Circuit explained that "[n]on-parties to an arbitration agreement have not subjected themselves to the authority of an arbitrator and, therefore, have not limited their rights beyond the FAA." Managed Care, 939 F.3d at 1159.

In Managed Care, the Eleventh Circuit determined that this Court has ancillary jurisdiction over the arbitration because "[t]he district court retained jurisdiction 'as to all matters relating to [ ] the interpretation, administration, and consummation of the [Settlement] Agreement." Managed Care, 939 F.3d at 1156 ("The arbitration involves disputes regarding Category Two claims, so the district court has ancillary jurisdiction over the arbitration."). The Eleventh Circuit explained

> [w]hile MCAG was not a party to the Settlement Agreement, the Settlement Agreement contained no provision for arbitration, and the summonsed parties were not parties to the arbitration agreement, the purpose of the arbitration was to resolve disputes involving Category Two claims *that arose out of the Settlement Agreement*, and the subpoenas issued to the summonsed parties were for the purpose of determining whether Category Two claims as provided in the Settlement Agreement were payable.

Managed Care, 939 F.3d at 1156 (emphasis in original).

### B. Due Process

The Eleventh Circuit acknowledged that "'[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" Managed Care, 939 F.3d at 1156 (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)). In Managed Care, the Eleventh Circuit explained that "[e]ven if a statute authorizes nationwide service of

7

process, due process requires that the district court evaluate traditional notions of fairness and reasonableness, by weighing the burdens imposed on the summonsed parties against the federal interest, before exercising personal jurisdiction." Id. (citing Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 946, 948 (11th Cir. 1997)). "When nationwide service is involved, 'it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." Id. (citing BCCI Holdings, 119 F. 3d at 938-39, 947).

In Managed Care, the Eleventh Circuit explained that it "need[s] to balance the federal interest against the burdens imposed on the summonsed parties only if they have 'established that [their] liberty interests actually have been infringed' and that 'jurisdiction in the forum will make litigation so gravely difficult and inconvenient that [they] unfairly [are] at a severe disadvantage in comparison to [their] opponent.'" Id. (quoting BCCI Holdings, 119 F. 3d at 946, 948) (internal quotation marks omitted)). The Eleventh Circuit found that "the summonsed parties have not shown that the inconvenience of traveling in the present case to litigate their objections to the arbitral summonses rises to the level of constitutional concern." Managed Care, 939 F.3d at 1158. The Eleventh Circuit concluded that it "need not consider whether the 'federal interest in litigating the dispute in the chosen forum outweighs the burden imposed' on the summonsed parties." Id. (citing BCCI Holdings, 119 F.3d at 948).

  **2. Rule 45 Governs "Service" and "Enforcement" of Arbitral Summonses Issued Pursuant to Section 7 of the FAA**

Section 7 of the FAA permits an arbitrator to "summon in writing any person to attend before them ... as a witness and in a proper case to bring with him ... any book,

8

record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7.  Section 7 of the FAA prescribes that arbitral summonses "shall be served in the same manner as subpoenas to appear and testify before the court...." 9 U.S.C. § 7.  When a person refuses to comply with an arbitral summons, Section 7 of the FAA authorizes a court to "compel the attendance of such person ... in the same manner provided by law for securing the attendance of witnesses ... in the courts of the United States." 9 U.S.C. § 7.

### I.      Nationwide Service of Arbitral Subpoena

In Managed Care, the Eleventh Circuit explained that "[w]ithout specifically citing the rule by name, [Section 7 of the FAA] references Rule 45 of the Federal Rules of Civil Procedure."  Managed Care, 939 F.3d at 1157.  The Eleventh Circuit held that "[b]ecause Section 7 of the FAA contains a general reference to Rule 45 by requiring subpoenas to be 'served in the same manner as subpoenas to appear and testify before the court,' it incorporates subsequent changes to Rule 45, including the 2013 amendment that permitted nationwide service."  Id.  In Managed Care, the Eleventh Circuit held that Section 7 of the FAA authorizes nationwide service of arbitral summonses based on the general reference to Rule 45 of the Federal Rules of Civil Procedure. Id. at 1156-57 (citing Fed. R. Civ. P. 45(b)(2) which provides: "[a] subpoena may be served at any place within the United States").

### ii.     Enforcement of Arbitral Subpoenas

Section 7 of the FAA also governs enforcement of arbitral summonses.  When a person fails to comply with an arbitral summons, Section 7 of the FAA authorizes a court to "compel the attendance of such person ... in the same manner provided by law

for securing the attendance of witnesses ... in the courts of the United States." 9 U.S.C. § 7. The Eleventh Circuit explained "[a]gain, without specifically citing the rule by name, the provision references Rule 45 of the Federal Rules of Civil Procedure." Managed Care, 939 F.3d at 1158 (citing Fed. R. Civ. P. 45(d)(2)(B)(i)). Sub-section 45(d)(2)(B)(i) provides that "[i]f an objection is made [by a person commanded to produce documents], the following rules apply: (i)At any time, ... the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i)).

> **a.     The District Court Lacked Authority to Enforce Arbitral Summonses That Required the Recipients to Attend Via Video Conference Outside the Presence of the Arbitrator and Required Pre-Hearing Discovery**

In Managed Care, the Eleventh Circuit held that this Court lacked authority to enforce the first set of arbitral summonses because Section 7 does not permit a witness to appear via video conference and does not allow pre-hearing discovery. Id. at 1160. The Eleventh Circuit explained:

> we interpret the plain meaning of Section 7 [of the FAA] as (1) requiring summonsed non-parties to appear in the physical presence of the arbitrator as opposed to a video conference or teleconference; and (2) prohibiting pre-hearing discovery. The district court abused its discretion in enforcing the arbitral summonses because the court lacked the power under Section 7 to order witnesses to appear at the video conference and provide pre-hearing discovery.

Managed Care, 939 F.3d at 1161 (11th Cir. 2019). The Eleventh Circuit determined that:

> MCAG and CIGNA agreed to arbitrate "final resolution of all issues related to whether the claims for Category Two Compensation under the Settlement Agreement ... submitted by MCAG on behalf of Class Members are payable pursuant to that agreement...." Because CIGNA

10

> already has paid $14 million in Category Two claims, these claims are no longer "payable," and so they fall outside the ambit of the arbitration agreement.

Managed Care, 939 F.3d at 1163, n.7. The Eleventh Circuit held that this Court "abused its discretion by allowing the arbitrator to review claims that have already been paid, because the district court has a duty to class members to ensure they receive whatever they are entitled to under the Settlement Agreement and may not defer to the arbitrator to compel an accounting of the claims that fall outside the ambit of the arbitration agreement." Id. at 1162.

## II.     MCAG's Law of the Case and Waiver Arguments

Before addressing the merits of MCAG's, CIGNA's and the out-of-state non-parties' respective arguments regarding the enforcement of MCAG's second set of arbitral summonses, the undersigned will briefly address MCAG's law of the case and waiver arguments.

The Eleventh Circuit's rulings that this Court has ancillary jurisdiction and personal jurisdiction over the Epiq recipients and the Millennium recipients is the law of the case. Additionally, the Eleventh Circuit's ruling that the subject case is not one of the "highly unusual cases [in which] inconvenience" creates a constitutional due process concern in light of nationwide service of summonses authorized by Section 7 of the FAA is law of the case and precludes due process challenges to the second set of arbitral summonses. This Court has ancillary jurisdiction and personal jurisdiction over the Epiq recipients and the Millennium recipients and the arbitral summonses do not raise due process concerns. Thus, the undersigned will not address CIGNA's or the out-of-state parties' arguments regarding personal jurisdiction and due process.

11

The undersigned agrees with CIGNA's and the Epiq recipients' arguments that when issues are raised but not addressed by a court (generally because the court decided the matter on other issues) the issues are not "rejected" or "law of the case." CIGNA's reply at 5-6 (DE# 6669, 5/11/20) (citing for example, Popp Telecom, Inc. v. American Sharecom, Inc., 361 F.3d 482, 490-91 (8th Cir. 2004) (holding that the "law of the case doctrine" did not apply to a previously-raised claim where the court had "never" reached or assessed the merits of that claim); Crews v. Horn, 360 F.3d 146, 152 (3d Cir. 2004) (explaining that the Supreme Court "did not reject [a] conclusion" where it simply "did not reach the issue").

MCAG's reliance on This That & the Other Gift & Tobacco, Inc. v. Cobb County., 439 F.3d 1275, 1283 (11th Cir. 2006) (per curium) and United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) to support its arguments are misplaced. Neither case expanded the law of the case doctrine to issues raised but not decided by the appellate court as MCAG suggests.

As more fully explained below, the arguments raised in CIGNA's motion, the Epic recipients' opposition or Millennium recipients' opposition memoranda to MCAG's motion that assert that the subject arbitral summonses violate the geographical limitation of Rule 45 were not considered by the Eleventh Circuit and thus, are not barred by the law of the case doctrine and were not waived by CIGNA, the Eqiq recipients and the Millennium recipients. Because the undersigned finds that the subject arbitral summonses are unenforceable because they violate the geographical limit of Rule 45, the undersigned will not address the parties' and non-parties' respective arguments regarding the scope or burden of the arbitral summonses.

### III.     The Arbitral Summonses Violate Rule 45's Geographical Limitation

MCAG argues that the subject arbitral summonses are enforceable because they eliminate what the Eleventh Circuit held problematic in Managed Care.  The subject arbitral summonses require the out-of-state non-party recipients to provide in person testimony and produce documents at a final arbitration hearing before the arbitrator in Miami, Florida.

MCAG argues that in Managed Care the Eleventh Circuit  determined that the out-of-state non-parties can be forced to appear as witnesses far from the 100 mile limit in Rule 45. The undersigned disagrees.  The Managed Care decision is devoid of any ruling that authorizes the arbitrator to require the out-of-state non-party witnesses to come to Miami, Florida to testify at the final hearing.  Id. at 1156-61. MCAG argues that in Managed Care, the Eleventh Circuit held that Section 7 of the FAA does not incorporate Rule 45(c)'s geographic provisions.  MCAG's Reply at 3-4 (DE# 6663, 5/4/20).  MCAG contends that "[i]f courts held the Arbitral Compliance Clause implicitly incorporates Rules 45(c) and (d), then arbitrators would be unable to hear from non-parties living outside the forum at all."  MCAG's Reply at 4.  MCAG maintains that "[t]he Eleventh Circuit's opinion would make little sense if requiring the Recipients to appear in Miami in the arbitrator's physical presence would violate the Arbitral Compliance Clause, which the Eleventh Circuit expressly interpreted as being consistent with its ruling."  Id. at 5 (citing Managed Care, 939 F.3d at 1158).

CIGNA, the Epiq recipients and the Millennium recipients argue that the Eleventh Circuit did not address the 100-mile geographical limitations of Rule 45 because the

initial arbitral summonses required compliance via video conference within 100 miles of the out-of-state non-party recipients' respective place of business or residence. CIGNA, the Epiq recipients and the Millennium recipients argue that the subject arbitral summonses violate the geographical limitations of Rule 45 of the Federal Rules of Civil Procedure. See CIGNA's Motion at 1 (DE# 6659, 4/20/20); see also Epiq recipients' Response at 2-3, 13 (DE# 6660, 4/20/20) and Millennium recipients' Opposition at 7-8. The undersigned agrees.

In Managed Care, the Eleventh Circuit explained that "Rule 45 governs securing the attendance of witnesses." Managed Care, 939 F.3d at 1158. Rule 45(d) of the Federal Rules of Civil Procedure applies to subpoenas, and permits a court to quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv); see, Millennium's Opposition at 7 (DE# 6658, 4/20/20). Rule 45(d)(3)(A)(ii) expressly incorporates the 100-mile geographical limitation of Rule 45(c). See, Fed. R. Civ. P. 45(d)(3)(A)(ii).

Although the Eleventh Circuit expressly found that Rule 45(d) is incorporated in Section 7 of the FAA, the Eleventh Circuit did not address the geographical limitations because the first set of arbitral summonses did not require the out-of-state non-parties to appear in Miami, Florida. The Epiq recipients argue that the Eleventh Circuit "only ruled on the issues necessary to reach a decision as to the matter before it – i.e., the

14

Initial Summonses; [the Eleventh Circuit] did not issue an advisory opinion to guide MCAG's future actions." Millennium recipients' Opposition at 7 (citing Gagliardi v. TJCV Land Trust, 889 F.3d 728 (11th Cir. 2018) ("We are not in the business of issuing advisory opinions that do not 'affect the rights of litigants in the case before' us or that merely opine on 'what the law would be upon a hypothetical state of facts.'" (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)).  The undersigned agrees.

Although the Eleventh Circuit held that the arbitral summonses can be served nationwide, it did not hold that the arbitrator can compel attendance nationwide. Managed Care, 939 F.3d at 1157.  The Eleventh Circuit did not address the 100 mile geographical limit under Rule 45(c) because the summonses directed the out-of-state non-parties to appear via video conference where they reside, not in Miami, Florida where the arbitration is pending and the arbitrator is located.

The Epiq recipients argue that MCAG acknowledged that the 100-mile rule applies when it issued its first arbitral summonses.  Epiq recipients' Response at 13 (citing Cunningham Declaration Exhibit 1 at 14 of MCAG's Initial Motion to Enforce (DE# 6493) (citing Rule 45 and explaining that "each summons compelled attendance ... within one hundred miles of each third party witness' place of business or residence"); see also id. Ex. 5 (Transcript of December 16, 2016 Hearing) at 49-50) ("[The Arbitrator] has determined that the proper way to do that ... is through having them appear in their districts via videoconference ... That complies with the hundred mile rule.  They will be one hundred miles of [sic] where they reside.")).

Pursuant to Rule 45, an arbitral summons can only command a non-party to attend a final hearing within 100 miles of where the non-party resides, is employed or

15

regularly transacts business.  See, e.g., Maine Community Health Options v. Walgreen Co., No. 18-mc-0009, 2018 WL 6696042, at *2-3 (W.D. Wisc. Dec. 20, 2018) (applying Rule 45 territorial limits to an arbitral subpoena and stating that it can only require attendance within 100 miles of where the witness resides ....); Ping-Kuo Lin v. Horan Capital Mgmt. LLC, No. 14-CIV- 5202, 2014 WL 3974585 at *1 (S.D.N.Y. August 13, 2014) (holding that an arbitrator may not summons a witness outside of the 100 mile limit allowed by the Federal Rules); see also Legion Ins. Co. v. John Hancock Mutual Life Ins. Co., 33 Fed. App'x 26 (3d Cir. 2002) ("In light of the territorial limits imposed by Rule 45 upon the service of subpoenas, we conclude that the District Court did not commit error in denying John Hancock's motion to enforce the arbitration subpoena against SCIS, which, as a non-party located in Florida, lies beyond the scope of the court's subpoena enforcement powers.").  Because the second set of arbitral summonses require the Epiq recipients and the Millennium recipients, who are non-parties that reside thousands of miles away from Miami, Florida, to provide testimony and provide documents in Miami, Florida, the arbitral summonses violate the geographical limits of Rules 45(c) and 45(d) and should not be enforced.

MCAG has not cited a case that holds that the geographical limit of Rules 45(c) and 45(d) do not apply to arbitral summonses. MCAG's reliance on Security Life Ins. Co. v. Duncansen & Health Ins., 228 F.3d 865 (8th Cir. 2000) is misplaced.  The Eighth Circuit's non-precedential and non-binding Security Life decision is factually distinguishable and inapposite.  In Security Life, the Eighth Circuit did not address the question of whether an arbitration subpoena for witnesses implicated Rule 45. Security Life, 228 F.3d at 872 ("This is a thorny question indeed, presenting what may be a

serious problem in the enforcement of witness subpoenas under the FAA. However, as the only live controversy in this case concerns the [arbitration] panel's subpoena of documents, we must reserve the question for another day.").

Instead, in Security Life, the Eighth Circuit held that Section 7 of the FAA permitted pre-hearing discovery from an out-of-state non-party and upheld the district court's enforcement of the subpoena duces tecum. Id. (explaining "[w]hether or not Transamerica is correct in insisting that a subpoena for witness testimony must comply with Rule 45, we do not believe an order for the production of documents requires compliance with Rule 45(b)(2)'s territorial limit"). The Eighth Circuit's Security Life decision conflicts with the Eleventh Circuit's holding in Managed Care that pre-hearing discovery from non-parties is not permitted under Section 7 of the FAA.[3]

Because the second set of arbitral summonses seek to require the out-of-state non-party witnesses to come to Miami, Florida to produce documents and provide testimony at the final hearing far beyond the geographical limitation of Rule 45(c), the undersigned finds that the second set of arbitral summonses violate Rule 45 and are unenforceable.

Accordingly, it is

ORDERED AND ADJUDGED that the Managed Care Advisory Group, LLC's Motion to Enforce Revised Arbitration Summonses (DE# 6649, 3/23/2020) is DENIED and CIGNA's Motion to Quash Summons to Reviewers or, in the Alternative Opposition

---

[3] See Life Receivable Trust v. Syndicate 102 at Lloyds of London, 549 F.3d 210, 216-217 (2nd Cir. 2008)(analyzing cases throughout the country and joining the Third Circuit in holding that section 7 of the FAA does not authorize arbitrators to compel pre-hearing discovery from entities not party to the arbitration proceedings").

to Enforcement of the Summons (DE# 6659, 4/20/20) (Sealed) is GRANTED.  It is further

ORDERED AND ADJUDGED that the second set of arbitral summonses are QUASHED.   It is further

ORDERED AND ADJUDGED that CIGNA's Motion to Strike MCAG's Characterization of Supplemental Authority [ECF NO. 6670] (DE# 6671, 5/29/20) is DENIED as moot.

DONE AND ORDERED at the United States Courthouse in Miami, Florida, this <u>6th</u> day of July, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE