UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 00-01334-MD-MORENO

IN RE: MANAGED CARE LITIGATION,
_____/

## ORDER GRANTING CIGNA HEALTHCARE'S MOTION TO ENTER AN ORDER REQUIRING ESCROW AGENT TO RETURN FUNDS TO CIGNA

THIS CAUSE came before the Court upon Cigna Healthcare's Motion to Enter an Order Requiring Escrow Agent to Return Escrow Funds to Cigna **(D.E. 6968)**.

THE COURT has considered the motion, the response, the reply, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. On November 14, 2023, the Court entered an Order Granting Cigna Healthcare's Motion to Vacate Arbitration Award Finding the Settlement Agreement's Release Bars Managed Care Advisory Group's Claims. The Court ordered the return of escrow funds to Cigna Healthcare. Managed Care Advisory Group appealed that order and the appeal is pending. Given the pendency of the appeal, the escrow agent advised that it awaited further instructions from the Court before returning the escrow funds to Cigna. Managed Care Advisory Group has not moved for a stay of the Court's November 14, 2023 Order nor has it posted a supersedeas bond. Rather, in response to Cigna's motion to return the funds in escrow, Managed Care Advisory Group argues that Cigna has no substantive or jurisdictional grounds to demand the Court issue any order diminishing the escrow funds available to class members pending the resolution of the appeal.

To make its argument, MCAG relies on a footnote from this Court's order. Although the Court unequivocally ordered the return of the $16 million in escrow to Cigna, the Court added a footnote recognizing that the return of escrow funds did not affect any of Cigna's pre-existing

obligations to pay past-due unpaid approved claims. In its response to Cigna's current motion, Managed Care Advisory Group attempts to cast the $16 million in escrow as monies to pay past-due unpaid approved claims, rather than as compensation for the group of Category 2 claims known as "Records Found, No" that the Court found were barred by the Settlement Agreement and therefore, could not form part of an arbitral award. The Court's Order found that the arbitrator exceeded his authority in entering a monetary ruling against Cigna because the claims were barred by the Settlement Agreement for the reasons stated in the order. Because the funds in escrow stem from the vacated arbitration award, it is proper to return those funds to Cigna.

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." To prevent disbursement of the escrow funds to Cigna, as this Court ordered, the Court would consider a motion for stay and a supersedeas bond in the amount of $1.6 million. The Court will allow MCAG to file the motion and post the bond by July 19, 2024 at noon. If MCAG fails to do so, the escrow agent shall promptly return the escrow funds to Cigna Healthcare.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of July 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record