UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**Case Number: 00-1334-MD-MORENO**

IN RE: MANAGED CARE LITIGATION.

_____/

## ORDER DENYING MOTION IN LIMINE TO PRECLUDE ADDITIONAL WITNESSES AND DENYING MOTION TO CONTINUE

THIS CAUSE came before the Court upon Cigna's Motion in Limine to Preclude Additional Witnesses **(D.E. 6988)**, filed on **December 4, 2024**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion in limine is DENIED. Cigna's motion requests the Court preclude Managed Care Advisory Group (MCAG) from calling the Special Accounting Master Soneet Kapila. And if the Court is inclined to allow MCAG to call Mr. Kapila, Cigna requests a continuance of the December 10, 2024 evidentiary hearing, which has now been set since September 19, 2024. The reason for the requested continuance is to allow Cigna an opportunity to depose Mr. Kapila, who also happens to be unavailable on December 10, 2024. MCAG opposes the motion to preclude Mr. Kapila, but joins the motion to continue the hearing citing a conflict in the Southern District of New York.

Unequivocally, at this Court's December 12, 2023 status conference, Cigna represented to this Court on multiple occasions that it would be calling Mr. Kapila as a witness. Hr'g Tran. at 3-4, 20-21 (Court: "And I have assumed Cigna would want to call Soneet Kapila, Richard Pollack, and Scott Bouchner. . . Now, other than – you are going to call those three individuals?" Mr. Steinberg: "Yes, your Honor.") (Court: "All right. The 10th, Mr. Steinberg?" Mr. Steinberg: "Yes, your Honor. Mr. Kapila and Mr. Pollack are available that date."). Moreover, the Court

emphasized at the December 12, 2023 status conference that because Cigna's claim was that MCAG engaged in sanctionable and possibly criminal wrongdoing, the Court would conduct an evidentiary hearing and "cross every T." Hr'g Tran. at 12, 16. (Court: "I know what you want me to do – I am not ready to do it until I hear from witnesses and find out[.] . . .[W]e have to do this hearing. We have to go through this. We have to let both sides get it out under oath, subject to the penalty of perjury for everybody who is called as a witness and see what happens.").

Despite these exchanges with the Court, Cigna is now claiming it only intends to call two witnesses, and will only rely on Kapila's report without his live testimony.  Cigna claims it advised Managed Care of this change in its witnesses in July 2024. The docket does not reflect an updated witness list by Cigna following the December 12, 2023 hearing to advise the Court of this change. Therefore, the Court denies Cigna's motion to preclude MCAG from calling Mr. Kapila as witness. Kapila's report and the objections thereto are at the heart of the present issue before the Court and as the Court previously emphasized live testimony, with cross-examination is required to adjudicate the issue of MCAG's wrongdoing.

In addition, the Court denies the request for continuance of the hearing. The evidentiary hearing was set on January 10, 2024, and then again on July 15, 2024. The Court continued both those hearings at the request of the parties. On September 19, 2024, the Court reset the evidentiary hearing for December 10, 2024 and will proceed to hear the parties' evidence on that date. The Court will allow MCAG to call Mr. Kapila on a subsequent date that he is available, but will not allow Cigna to depose Mr. Kapila at this late stage.

DONE AND ORDERED in Chambers at Miami, Florida, this _5__ of December 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

2

Copies furnished to:
Counsel of Record